FILED by ___ D.C.

NOV 27 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

ALL LEISURE HOLIDAYS LIMITED,   )
                                )
             Plaintiff,         )
                                )
v.                              )
                                )
STEVEN NOVELLO, and DATABASE    )
MARKETING SOLUTIONS, INC.,      )
                                )
             Defendants.        )
_____ )

## ATTORNEY CERTIFICATION PURSUANT TO RULE 65(b)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

This attorney certification is made pursuant to Rule 65 of the Federal Rules of Civil Procedure and in support of Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order.

This certification is based upon the specific facts contained in the Verified Complaint for Injunctive Relief and for Damages, which show that Defendant, STEVEN NOVELLO ("Novello"), the former President of All Leisure, has disclosed or used or is likely to disclose or use All Leisure's Trade Secrets without the express or implied consent of All Leisure.

In addition, Defendant, DATABASE MARKETING SOLUTIONS, INC. ("DMS"), still possesses All Leisure's Trade Secrets and has improperly disclosed such information and data to Novello or used or is likely to disclose or use All Leisure's Trade Secrets for the benefit of itself and others.

BERGER SINGERMAN   Boca Raton   Fort Lauderdale   Miami   Tallahassee
attorneys at law
4666304-1
350 East Las Olas Boulevard   Suite 1000   Fort Lauderdale, Florida 33301   Telephone 954-525-9900   Facsimile 954-523-2872

Immediate and irreparable injury and loss will occur before Defendants can be heard in opposition to Plaintiff's motion. As alleged in the Verified Complaint, Novello and DMS are privy to All Leisure's Trade Secrets, all of which may be used for his benefit or the benefit of a competing company and to the detriment of All Leisure. All Leisure's Trade Secrets were developed over an extended period of time by and at great expense of All Leisure, and the dissemination of this confidential and proprietary information to All Leisure's competitors will provide them with a tangible advantage in their efforts to compete with All Leisure. Moreover, as set forth in the Memorandum of Law in Support of Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order, inadequate remedy at law is presumed when trade secrets have been misappropriated.

Given the surreptitious manner in which Novello and DMS coordinated and conspired with respect to All Leisure's Trade Secrets, as evidenced by the emails between them (which are referenced in and attached to the Verified Complaint), Plaintiff has grave concerns that if Defendants are given notice of Plaintiff's *Ex Parte* Emergency Motion for Temporary Restraining Order, there will be a further dissemination and improper use of All Leisure Trade Secrets and that notice to the Defendants may cause Defendants to attempt to delete electronic evidence of their misappropriation.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Plaintiff's motion, and enter the proposed order without requiring Plaintiff to provide prior notice to Defendants.

Dated this 27th day of November, 2012.  By: /s/ Jeffrey Wertman

Leonard K. Samuels
Florida Bar No. 501610
LSamuels@bergersingerman.com
Jeffrey S. Wertman
Florida Bar No. 003093
JWertman@bergersingerman.com
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872
*Attorneys for Plaintiff, All Leisure Holidays Limited, Inc.*