UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62328-CIV-ROSENBAUM/SELTZER

ALL LEISURE HOLIDAYS LIMITED,

    Plaintiff,

v.

STEVEN NOVELLO and DATABASE
MARKETING SOLUTIONS, INC.,

    Defendants.
_____/

## AGREED PRELIMINARY INJUNCTION
## AS TO DEFENDANT STEVEN NOVELLO

THIS CAUSE came before the Court on November 30, 2012, on a hearing for a preliminary injunction [D.E. 8], and the Court having reset the hearing for December 6, 2012 [D.E. 13], based upon the parties' representations that they are working toward an agreed preliminary injunction, and Plaintiff All Leisure Holidays Limited ("All Leisure") and Defendant Steven Novello ("Novello"), having stipulated and agreed to entry of this Agreed Preliminary Injunction, and good cause appearing for the entry thereof, the Court enters the following Agreed Preliminary Injunction as to Defendant Steven Novello.

### Background

All Leisure filed a Verified Complaint for Injunctive Relief and for Damages ("Verified Complaint") [D.E. 1], a Memorandum of Law in support of the Motion [D.E. 5], and a Certificate Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [D.E. 6].

In the Verified Complaint, All Leisure requests, among other things, entry of a temporary

restraining order and a permanent injunction enjoining Novello and DMS from any alleged misappropriation or alleged further misappropriation of All Leisure's Trade Secrets, as defined in the Verified Complaint, requiring Novello and DMS to return all of All Leisure's Trade Secrets, and other injunctive relief.

On November 27, 2012, the Court entered an Order Granting Plaintiff's Emergency *Ex Parte* Motion for Temporary Injunction in part [D.E. 7].

Novello remains in possession of Plaintiff's corporate information, and, as alleged by Plaintiff, proprietary and trade secrets information, as a result of Novello's prior employment.

## **Stipulated Facts**

Plaintiff, All Leisure, is also known as "All Leisure Holidays Limited Inc.," "All Discovery Cruising," and "All Discovery Cruising North America. All Leisure is in the business of selling, marketing and operating cruise ships throughout the world. It operates the cruise brands Hebridean Island Cruises, Swan Hellenic, and Voyages of Discovery. All Leisure is part of All Leisure Group PLC, its parent company, which is the largest British-owned cruise-ship company in the world. "All Leisure" as referred to in this Agreed Preliminary Injunction includes its parent company, subsidiaries, affiliates, divisions, departments, successors, assigns, employees, agents, officers, directors, members and representatives.

All Leisure has expended considerable money and time developing and maintaining proprietary and valuable information, including, but not limited to, customer lists and information, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, and other information pertaining to the financial condition,

business affairs or business prospects of All Leisure. All Leisure describes this information ("All Leisure's Trade Secrets[1]") as the life blood of All Leisure's business. Dissemination and use of All Leisure's Trade Secrets to and by competitors would allow them to compete better with All Leisure and would significantly impact All Leisure's business operations.

Novello joined All Leisure on May 11, 2010, as President. As President, Novello was responsible for the operation of the company throughout North America. During his more-than-two-year tenure with All Leisure, Novello came to know and was entrusted with All Leisure's Trade Secrets.

During his employment, Novello became aware of All Leisure's data-protection policy. As President of All Leisure, Novello was involved in ensuring compliance with All Leisure's data protection policies. He knew that All Leisure's Trade Secrets were to be kept confidential to ensure that such information and data would be used and retained within the company and that All Leisure's Trade Secrets were sole and exclusive property of All Leisure.

On April 1, 2011, DMS, a database marketing and consulting firm that develops marketing campaigns to increase revenue, entered into a Non-Disclosure Agreement with All Leisure by and through DMS's Vice President, Susan Lee. The Non-Disclosure Agreement prohibits DMS from disclosing or communicating All Leisure's confidential information to any third party.

Pursuant to the Non-Disclosure Agreement, All Leisure furnished DMS with All Leisure's Trade Secrets. DMS acknowledged and agreed that all such information and data is and shall remain the property of All Leisure.

In October 2012, Novello's employment with All Leisure ended. Novello retains on his

---

[1] The use of the term "All Leisure's Trade Secrets" to define the data and materials listed does not constitute an admission by Novello that all such items qualify as Trade Secrets under Florida's Uniform Trade Secret Act or other applicable law.

personal computer much of the information that All Leisure claims is a Trade Secret since he used his personal computer to conduct All Leisure's business during the course of his employment with the company.

Based upon the foregoing stipulated facts and for good cause shown and as a result of the agreement reached between the parties, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this case and the parties hereto.

2. Venue is proper as to all parties in the Southern District of Florida.

3. Defendant Steven Novello is hereby preliminarily enjoined from using, copying, reproducing, disseminating, distributing, and disclosing all proprietary information and trade secrets of All Leisure, including, but not limited to, customer lists and information, documents and data regarding cruise revenue, names, addresses and contact information of passengers, names, addresses and of agents, including addresses and contact information, booking dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure, and all other documents, data and information that they created using the proprietary information and trade secrets of All Leisure.

4. Defendant Steve Novello shall immediately take all reasonable measures to protect and preserve any and all data, information and media and database infrastructures, in his possession, custody or control, on computers, laptops, iPads, PDAs, cell phones, including iPhones and Blackberrys, including drive discs or removable media, including external USB hard drives or flash

(thumb) drives, or any other source of electronically stored information, which may contain any information belonging to or relating to All Leisure, including, but not limited to, the data and information described in paragraph 3 above. Defendant, Steve Novello, shall not delete or destroy any electronic documents or data relating in any way to All Leisure, and shall suspend all routine electronic document deletion and media recycling as well as stop any data compressions, disk de-fragmentation or optimization routines that relate to any information belonging to or relating to All Leisure.

5. Within two (2) business days of entry of this Agreed Preliminary Injunction, Defendant Steven Novello is hereby required to return all proprietary information of and trade secrets (as defined herein) of All Leisure, including, but not limited to, customer lists and information, documents and data regarding cruise revenue, names, addresses and contact information of passengers, names, addresses and of agents, including addresses and contact information, booking dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure (and all copies thereof), and all other documents, data and information that he created or caused to create using the proprietary information and trade secrets of All Leisure (and all copies thereof), in his possession, custody or control, in all forms, including, but not limited to, tangible and electronic form.

6. Additionally and simultaneously with the return of any of All Leisure's data and information, within two (2) business days after entry of this Agreed Preliminary Injunction, Novello

shall permit All Leisure's forensic expert ("All Leisure's Forensic Expert") to inspect, subject to the parameters agreed to herein by the parties, and make mirror images of hard drives of all of his personal computers, including laptops, iPads, PDAs, cell phones, including (iPhones and Blackberrys), including drive discs or removable media, including external USB hard drives or flash (thumb) drives, or any other source of electronically stored information or hard copy documents which Novello used in connection to All Leisure's business (collectively, "Novello's Computers"). Novello represents that he used Novello's Computers for business purposes in connection with his employment with the Plaintiff, therefore, these devices will be imaged, reviewed and searched initially.  If an examination of these devices shows that Novello used other devices or media, such as other computers, iPads, PDAs, cell phones, iPhones, Blackberrys, drive discs or removable media, including external USB hard drives or flash (thumb) drives, or any other source of electronically stored information, All Leisure's Forensic Expert shall have the right to image, inspect and search these other devices and media.  Further, based upon Novello's representation that he sometimes used a Yahoo email account for business purposes in connection with his employment with the Plaintiff, All Leisure's Forensic Expert shall have the right to access, inspect, search and copy this Yahoo email account.  If an examination of the Yahoo email account shows that Novello used other email accounts, All Leisure's Forensic expert shall have the right to access, inspect, search and copy such other accounts.  All Leisure's Expert shall be entitled to inspect Novello's Computers and Yahoo email account for the express purpose of determining if any of the alleged Trade Secrets, as defined by Plaintiff, were disseminated, reproduced, downloaded, transferred, deleted, or otherwise used in any way.  Appropriate parameters will, however, be put in place so that this inspection does not allow for All Leisure's Expert to inspect any of Novello's personal data or information which is contained on Novello's Computers and Yahoo email account.  To the extent it is necessary, Novello

shall provide all log in information and passwords to allow for All Leisure's Expert to conduct this inspection of Novello's Computers and email account(s).   All Leisure's Forensic Expert shall use agreed upon search criteria, such as key words, dates, and times, concepts and filters, for purposes of the appropriate search and analysis process.  If the parties are unable to agree on such terms, they will seek the Court's involvement in determining the same as to search terms that have not been agreed upon.

7. All Leisure's Forensic Expert will thereafter begin the processing, indexing and cataloguing as required to perform the search, analysis and review.

8. All Leisure's Forensic Expert will process and review the computers' contents to identify potentially responsive files in accordance with the search parameters.

9. All Leisure's Forensic Expert may search for deleted files, e-mails and file remnants, copied, transferred or moved files, and all allocated and unallocated space on the computers for any sign of All Leisure's data and information.

10. Upon All Leisure's Forensic Expert inspection of Novello's Computers, it shall provide Novello with a catalogue of all of All Leisure's data and information that is located on Novello's Computers.  Thereafter, within three (3) business days of Novello receiving said catalogue, Novello may produce a privilege log to All Leisure's counsel specifically detailing why certain files should not be reviewed by All Leisure or deleted by All Leisure's Forensic Expert.  Any files identified in the exclusion or privilege log that is a point of contention between the parties will be reviewed *in camera* and ruled on by the Court, with the assistance of the forensic experts, if necessary.  If no such privilege log is provided, then All Leisure's Forensic Expert shall provide all of the located All Leisure data and information to All Leisure and its attorneys.

11. All Leisure has the right to view all non-privileged data and information (including

deleted files, e-mails and file remnants) relating to its business, as described in paragraph 3 above.

12. All Leisure's Forensic Expert shall monitor and ensure the deletion, purging and forensic scrubbing of all data and information on Novello's Computers relating to All Leisure's business, including the documents, data and information described in paragraph 3 above. All Leisure's Forensic Expert and attorneys shall retain an image of Novello Computers as of the time the Computers are made accessible to All Leisure Forensic Expert for an agreed-upon time frame. This shall be done to ensure that Novello can access any of the information from his Computers that related to All Leisure's business that may be necessary in defense of any litigation between the parties. This is a material condition of Novello's agreement to allow his Computers to be inspected. At the conclusion of this litigation, whether by dismissal with prejudice by All Leisure or otherwise, All Leisure's Forensic Expert and its attorneys agree that they shall destroy all images of Novello's Computers within ten (10) days of the conclusion of the litigation and shall not retain the same for any purpose.

13. All Leisure shall be responsible for any damage intentionally or negligently caused by All Leisure's Forensic Expert to any of the computers that are the subject of the above-described forensic examination.

14. This Agreed Preliminary Injunction is without prejudice to All Leisure seeking to inspect, make mirror images of and search hard drives of DMS' computers, drives and media.

15. All Leisure's Forensic Expert will be bound by a confidentiality order insuring that any and all information found to be contained on the subject computers be kept confidential.

16. Each party shall bear its/his own costs of its/his own forensic expert(s).

17. Nothing in this Agreed Preliminary Injunction is or shall be construed as an admission of any wrongdoing on the part of any of the parties.

18.  Based upon the stipulation of the parties, no bond shall be required as a prerequisite or otherwise to effectiveness or enforcement of this Agreed Preliminary Injunction.

19.  Pursuant to Fed. R. Civ. P. 65(d), this injunction is binding on the following who receive actual notice of the Order by personal service or otherwise: Defendants, Steven Novello and Database Marketing Solutions, Inc.; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with Defendants, Steven Novello and Database Marketing Solutions, Inc., or their officers, agents, servants, employees, and attorneys.

20.  The Court reserves jurisdiction to enforce and modify the terms of this Agreed Preliminary Injunction, and all of All Leisure's claims for relief shall remain pending.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 4th day of December 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE