UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62328-CIV-ROSENBAUM

ALL LEISURE HOLIDAYS LIMITED,

    Plaintiff,

v.

STEVEN NOVELLO, and DATABASE
MARKETING SOLUTIONS, INC.,

    Defendants.
_____/

## AGREED PRELIMINARY INJUNCTION AS TO DEFENDANT DATABASE MARKETING SOLUTIONS, INC.

THIS CAUSE came before the Court on November 30, 2012 on a hearing for a preliminary injunction [D.E. 8], and the Court having reset the hearing for December 6, 2012 [D.E. 13] based upon the parties' representations that they are working toward an agreed preliminary injunction, and Plaintiff, All Leisure Holidays Limited ("All Leisure") and Defendant, Database Marketing Solutions, Inc. ("DMS"), having stipulated and agreed to entry of this Agreed Preliminary Injunction, and good cause appearing for the entry thereof, the Court enters the following Agreed Preliminary Injunction as to Defendant, DMS.

### Background

All Leisure filed a Verified Complaint for Injunctive Relief and for Damages ("Verified Complaint") [D.E. 1], a Memorandum of Law in support of the Motion [D.E. 5], and a Certificate Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [D.E. 6].

In the Verified Complaint, All Leisure requests, *inter alia*, entry of a temporary restraining

order and a permanent injunction enjoining Defendants, Steven Novello and DMS from any alleged misappropriation or alleged further misappropriation of All Leisure's Trade Secrets, as defined in the Verified Complaint, and requiring Novello and DMS to return all of All Leisure's Trade Secrets, and for other injunctive relief.

On November 27, 2012, the Court entered an Order Granting Plaintiff's Emergency Ex Parte Motion for Temporary Injunction in part [D.E. 7].

DMS remains in possession of Plaintiff's corporate information, and, as alleged by Plaintiff, proprietary and trade secrets information.

**Stipulated Facts**

Plaintiff, All Leisure, is also known as "All Leisure Holidays Limited Inc.," "All Discovery Cruising," and "All Discovery Cruising North America." All Leisure is in the business of selling, marketing and operating cruise ships throughout the world. It operates the cruise brands Hebridean Island Cruises, Swan Hellenic, and Voyages of Discovery. All Leisure is part of All Leisure Group PLC, its parent company, which is the largest British-owned cruise-ship company in the world. "All Leisure" as referred to in this Agreed Preliminary Injunction includes its parent company, subsidiaries, affiliates, divisions, departments, successors, assigns, employees, agents, officers, directors, members and representatives.

All Leisure has expended considerable money and time developing and maintaining proprietary and valuable information, including, but not limited to, customer lists and information, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, and other information pertaining to the financial condition,

business affairs or business prospects of All Leisure. All Leisure describes this information ("All Leisure's Trade Secrets[1]") as the life blood of All Leisure's business. Dissemination and use of All Leisure's Trade Secrets to and by competitors would allow them to compete better with All Leisure and would significantly impact All Leisure's business operations.

On April 1, 2011, DMS, a database marketing and consulting firm that develops marketing campaigns to increase revenue, entered into a Non-Disclosure Agreement with All Leisure by and through DMS's Vice President, Susan Lee, a copy of which is attached to the Verified Complaint.

Pursuant to the Non-Disclosure Agreement, All Leisure furnished DMS with All Leisure's Trade Secrets. DMS acknowledged and agreed that all such information and data is and shall remain the property of All Leisure.

In October 2012, Novello's employment with All Leisure ended.

Based upon the foregoing stipulated facts and for good cause shown and as a result of the agreement reached between the parties, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this case and the parties hereto.

2. Venue is proper as to all parties in the Southern District of Florida.

3. Defendant, DMS, is hereby preliminarily enjoined from using, copying, reproducing, disseminating, distributing, and disclosing all proprietary information and trade secrets of All Leisure, including, but not limited to, customer lists and information, documents and data regarding cruise revenue, names, addresses and contact information of passengers, names and addresses of agents, including addresses and contact information, booking dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and

---

[1] The use of the term "All Leisure's Trade Secrets" to define the data and materials listed does not constitute an admission by DMS that all such items qualify as Trade Secrets under Florida's Uniform Trade Secret Act or other applicable law.

pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure, and all other documents, data and information that it created or caused to be created using the proprietary information and trade secrets of All Leisure.  This injunction does not apply to programming code proprietary to DMS, created solely by DMS, and used in the course of its provision of services to All Leisure.

4. Defendant, DMS, shall immediately take all reasonable measures to protect and preserve any and all data, information and media and database infrastructures, in its possession, custody or control, on computers, laptops, iPads, PDAs, cell phones, including iPhones and Blackberrys, including drive discs or removable media, including external USB hard drives or flash (thumb) drives, or any other source of electronically stored information, which may contain any information belonging to or relating to All Leisure, including, but not limited to, the data and information described in paragraph 3 above.  Defendant, DMS, shall not delete or destroy any electronic documents or data relating in any way to All Leisure, and shall suspend all routine electronic document deletion and media recycling as well as stop any data compressions, disk de-fragmentation or optimization routines that relate to any information belonging to or relating to All Leisure.

5. Within three (3) business days of entry of this Agreed Preliminary Injunction, Defendant, DMS, is hereby required to return all proprietary information of and trade secrets (as defined herein) of All Leisure, including, but not limited to, customer lists and information, documents and data regarding cruise revenue, names, addresses and contact information of passengers, names, addresses and of agents, including addresses and contact information, booking

dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure (and all copies thereof), and all other documents, data and information that it created or caused to create using the proprietary information and trade secrets of All Leisure (and all copies thereof), in its possession, custody or control, in all forms, including, but not limited to, tangible and electronic form.  Prior to DMS being required to deliver All Leisure's data to All Leisure, All Leisure shall advise DMS of its preferred method of transfer of such data, information, and materials, and the parties shall agree upon a protocol therefor, which includes a method for verification by All Leisure of receipt, legibility, and usability thereof, and All Leisure's assurance of same prior to DMS's deletion of such data in its own systems.  This requirement does not apply to programming code proprietary to DMS, created solely by DMS, and used in the course of its provision of services to All Leisure.  All Leisure reserves the right to seek and compel DMS to transfer such data in other methods and formats, should the parties fail to agree.

6. DMS represents that Susan Lee, its Vice President, used two laptop computers in connection with her performance of services for DMS.  Based upon this representation, within three (3) business days after entry of this Agreed Preliminary Injunction, DMS shall permit All Leisure's forensic expert ("All Leisure's Forensic Expert") to inspect and make a mirror image of the hard drives of Ms. Lee's two laptop computers ("Lee's Computers"), and drive discs, removable media, including external USB hard drives or flash (thumb) drives, and any other source of electronically

stored information, which DMS advises All Leisure to contain any information belonging to All Leisure, including, but not limited to, the data and information described in paragraph 3 above.

7. The mirror image of the hard drive of Lee's Computers shall be kept sealed in an evidence bag, in a secured location, and placed in the custody of and in escrow with Mark A. Levy, Esq., Attorney for DMS, Brinkley Morgan, 200 East Las Olas Boulevard, Fort Lauderdale, Florida 33301.

8. Within two (2) business days of entry of this Agreed Preliminary Injunction, DMS officers Susan Lee and Sean Ryan shall execute Sworn Statements in substantially the form attached hereto as **Composite Attachment 1**.

9. This Agreed Preliminary Injunction is without prejudice to All Leisure moving the Court to image, review and search DMS's and Susan Lee's (other) devices and media, such as computers, iPads, PDAs, cell phones, iPhones, Blackberrys, drive discs or removable media, including external USB hard drives or flash (thumb) drives, or any other source of electronically stored information, as well as to access, inspect, search and copy DMS's and Susan Lee's email accounts, and all rights of All Leisure are expressly reserved. DMS further expressly reserves all rights to resist and/or oppose such requests or motions, and does not hereby acknowledge any wrongdoing, or any right on the part of All Leisure to obtain such relief.

10. Each party shall bear its/his own costs of its/his own forensic expert(s).

11. Nothing in this Agreed Preliminary Injunction is or shall be construed as an admission of any wrongdoing on the part of any of the parties.

12. Based upon the stipulation of the parties, no bond shall be required as a prerequisite or otherwise to effectiveness or enforcement of this Agreed Preliminary Injunction.

13. Pursuant to Fed. R. Civ. P. 65(d), this injunction is binding on the following who

receive actual notice of the Order by personal service or otherwise: Defendants, Steven Novello and Database Marketing Solutions, Inc.; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with Defendants, Steven Novello and Database Marketing Solutions, Inc., or their officers, agents, servants, employees, and attorneys.

14. The Court reserves jurisdiction to enforce and modify the terms of this Agreed Preliminary Injunction, and all of All Leisure's claims for relief shall remain pending.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 6th day of December 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

*[Composite Attachment 1 on following pages.]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-62328-CIV-ROSENBAUM**

ALL LEISURE HOLIDAYS LIMITED,

    Plaintiff,

v.

STEVEN NOVELLO, and DATABASE
MARKETING SOLUTIONS, INC.,

    Defendants.

_____/

**SWORN STATEMENT OF DEFENDANT DATABASE MARKETING
SOLUTIONS, INC. BY ITS VICE PRESIDENT, SUSAN LEE**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
| | ) ss. |
| COUNTY OF SUFFOLK | ) |

BEFORE ME, the undersigned authority, on this day personally appeared Susan Lee, and being duly sworn, upon his oath states as follows:

1.    My name is Susan Lee. I am the Vice President of Defendant, Database Marketing Solutions, Inc. ("DMS"). I give this Sworn Statement based upon personal knowledge and subject to the contempt powers of the Court.

2.    Under penalty of perjury, I hereby certify that I, Susan Lee, and my agents and representatives, have not used, copied, reproduced, disseminated, distributed, sold, conveyed, transferred or disclosed any proprietary information or trade secrets of All Leisure to any third person, party or entity with the exception of 3rd party vendors I believed to be authorized to receive it, including, but not limited to, customer lists and information, documents and data regarding cruise

revenue, names, addresses and contact information of passengers, names, addresses and of agents, including addresses and contact information, booking dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure, or any other documents, data or information that DMS created or caused to be created using the proprietary information or trade secrets of All Leisure.  This statement excludes from consideration the alleged transfer referenced in the Verified Complaint, the nature of which the parties dispute.

**FURTHER AFFIANT SAYETH NAUGHT**.

By: _____
SUSAN LEE

BEFORE ME, the undersigned authority, personally appeared Susan Lee, who is personally known to me or produced _____ as identification and who took an oath, on this _____ day of December, 2012.

_____
Notary Public, Commonwealth of Massachusetts

My commission expires:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-62328-CIV-ROSENBAUM**

ALL LEISURE HOLIDAYS LIMITED,

    Plaintiff,

v.

STEVEN NOVELLO, and DATABASE
MARKETING SOLUTIONS, INC.,

    Defendants.

_____/

**SWORN STATEMENT OF DEFENDANT DATABASE MARKETING
SOLUTIONS, INC. BY ITS PRESIDENT, SEAN RYAN**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
| | ) ss. |
| COUNTY OF ESSEX | ) |

BEFORE ME, the undersigned authority, on this day personally appeared Sean Ryan, and being duly sworn, upon his oath states as follows:

1.    My name is Sean Ryan. I am the President of Defendant, Database Marketing Solutions, Inc. ("DMS"). I give this Sworn Statement based upon personal knowledge and subject to the contempt powers of the Court.

2.    Under penalty of perjury, I hereby certify that DMS, its officers, directors, employees, agents, representatives, affiliates and subsidiaries have not used, copied, reproduced, disseminated, distributed, sold, conveyed, transferred or disclosed any proprietary information or trade secrets of All Leisure to any third person, party or entity with the exception of 3rd party vendors DMS believed to be authorized to receive it, including, but not limited to, customer lists and information,

documents and data regarding cruise revenue, names, addresses and contact information of passengers, names, addresses and of agents, including addresses and contact information, booking dates, cruise names, locations, birth dates, emails, business and corporate strategies, business plans, product strategies, product cost and pricing information, vendor lists, lead lists, lead conversion, lead formation sales reports, operating plans, marketing strategies and plans, methods, financial information, contracts, agreements, computer programs, technical processes, manuals, information pertaining to the financial condition, business affairs or business prospects of All Leisure, or any other documents, data or information that DMS created or caused to be created using the proprietary information or trade secrets of All Leisure.  This statement excludes from consideration the alleged transfer referenced in the Verified Complaint, the nature of which the parties dispute.

**FURTHER AFFIANT SAYETH NAUGHT**.

By: _____
SEAN RYAN

BEFORE ME, the undersigned authority, personally appeared Sean Ryan, who is personally known to me or produced _____ as identification and who took an oath, on this _____ day of December, 2012.

_____
Notary Public, Commonwealth of Massachusetts

My commission expires: